**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Kathleen Fisler,

Plaintiff,

vs.

U.S. Bancorp Piper Jaffray, Inc.,

Defendant,

Civil File No. 02-286 JMR/AJB

**ORDER ON DEFENDANT'S MOTION TO STRIKE**

---

This matter came the Court, United States Magistrate Judge Arthur J. Boylan, on the motion by defendant U.S. Bancorp Piper Jaffray to either dismiss allegations in the complaint pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted, or to strike specified allegations pursuant to Rule 12(f). [Docket No. 5]. Hearing on the motions was held on November 19, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Kathryn Mrkonich-Wilson, Esq., and Heather C. Sherman, Esq., appeared on behalf of the defendant. Paul W. Mollica, Esq., appeared on behalf of the plaintiff. The motion to dismiss has been submitted to the District Court on report and recommendation pursuant to 28 U.S.C. §636(b)(1). Defendant's alternative motion to strike is a non-dispositive motion and is herein addressed by the Magistrate Judge pursuant to Local Rule 72.1(b).

Based upon the file and pleadings in this action, along with the motions, affidavits and exhibits submitted by counsel, and further incorporating the description of claims and procedural background as stated in the contemporaneously issued report and recommendation to the District Court, **IT IS HEREBY ORDERED THAT** defendant's alternative motion to strike

FILED DEC 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

pattern and practice allegations is **denied** [Docket No. 5].

Dated: 12/13/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

**Motion to Strike Pattern and Practice Allegations.** Defendant Piper Jaffray contends that factual allegations in the complaint[1] relating to systemic discrimination should be stricken pursuant to Fed. R. Civ. P. 12(f) on grounds that they are immaterial and false. Defendant insists that the allegations are irrelevant to the individual claims which may be advanced in this case and such assertions in the complaint are prejudicial to the defendant. Plaintiff argues that pattern and practice allegations may be relevant to her cause of action for disparate treatment and therefore should not be stricken from the pleading.

Plaintiff's factual allegations pertaining to systemic discrimination consists of several assertions that defendant has engaged in a pattern and practice of discriminatory conduct based upon sex. The complaint also includes various statistics and computations which allegedly relate to particular practices or patterns of conduct on the part of the defendant. Defendant's motion hinges on the argument that pattern and practice evidence is material only to class action claims and the inclusion of such allegations in an individual action serves no useful litigation purpose. Defendant further contends that the allegations will confuse the issues and could prejudice defendant by potentially requiring Piper Jaffray to alter its litigation strategy should it

[1] Complaint, Section A., paragraphs 8 through 27 [Docket No. 1].

become necessary to defend a class action. Defendant not so tacitly implies that allegations should be stricken in order to avert discovery into subject matters which could subsequently provide support for renewed class certification efforts by plaintiff.

In considering a motion to strike allegations from a pleading on grounds that the material is redundant, immaterial, or impertinent the district court has liberal discretion. Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). Despite this discretion such motions are generally viewed with disfavor and are infrequently granted. Id. (citing Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). See also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §1382 (2d Ed. 1990) ("because motions to strike on these grounds are not favored, often being considered 'time wasters' they usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." pp. 683-690). Furthermore, even though material in the pleading may not be strictly relevant to a claim, it is not improper to deny a motion to strike under circumstances in which the allegations at issue provide context and background to the action. Stanbury Law Firm v. I.R.S., 221 F.3d at 1063.

Defendant here contends that fact allegations relating to employer pattern and practices are immaterial and should be stricken because such evidence is not relevant to individual claims. On the contrary, however, statistical evidence and evidence pertinent to policies and practices may be relevant to individual claims because it "is often a telltale sign of purposeful discrimination." Craik v. Minnesota State University Board, 731 F.2d 465, 471 (8th Cir. 1984)(quoting Teamsters v. United States, 431 U.S. 324, 340, n.20, 97 S.Ct. 1853, 1856-57 n.20 (1977). Indeed, in some instances disparate treatment may be proved by pattern and practice

evidence. Jiles v. Ingram, 944 F.2d 409, 413 (8th Cir. 1991). Although this litigation does have some history, and the very same allegations have been previously addressed in related actions, it cannot be strenuously argued that the instant case is not in its initial stages.[2] Consequently, defendant's motion to strike can appropriately be perceived as an anticipatory and premature motion to preclude discovery into matters of company employment patterns and practices. Such apprehension should be allayed by this Court's recognition that the complaint does not state class claims and does not state a cause of action arising out of company-wide pattern and practice. Furthermore, despite the Court's conclusion that pattern and practice evidence may be relevant to individual claims, neither the pattern and practice allegations nor the statistics contained therein would support a demand for company-wide discovery in the individual plaintiff's discrimination action. The possibility that discovery revelations have the potential to adversely affect the course of the litigation for a party alone can hardly be interpreted as the sort of prejudice which may justify striking otherwise permissible allegations. Defendant's motion to strike pattern and practice allegations contained in Section A, paragraphs 8 through 27 of the complaint is denied.

**Motion to Strike Allegations Contained in Complaint Paragraph Nos. 20, 21, and 27 as False and/or Immaterial.** Defendant moves to strike allegations that "female brokers are rarely given accounts, leads, walk-ins, referrals, or other opportunities to grow their business;"[3] that "[f]emale brokers are rarely given accounts from departing brokers, while male

---

[2] The parties have not yet prepared and submitted a joint Rule 26(f) Report pursuant to Local Rule 16.1, the Court has not held a pretrial conference pursuant to Fed. R. Civ. P. 16, and the Court has not yet issued pretrial scheduling order as anticipated under Local Rule 16.1. The Court has not been advised that discovery in this case has been commenced in earnest.

[3] Complaint, Paragraph No. 20, page 6.

brokers are given accounts from departing brokers on a regular basis;"[4] and that "Piper Jaffray management bestows subjective, discretionary authority on its branch managers to make decisions in their own offices about such areas as . . . distribution of accounts."[5] It is boldly argued that the above statements are false, as proven through discovery in the related California action. Upon review of documents submitted with respect to the California litigation the Court finds no persuasive justification for a finding that the allegations should be stricken under Fed. R. Civ. P. 12(f) as redundant, immaterial, impertinent, or scandalous.[6] The Court further finds no compelling reason to label the complaint statements as false or anything other than what they are, i.e. allegations. Equally important in considering a Rule 12(f) motion to strike, defendant does not clearly assert prejudice based upon the allegations and the Court does not find any explicit or inferential prejudice to the defendant arising from these assertions. Defendant's motion to strike specified language from complaint paragraphs 20, 21, and 27 is denied for the reasons that motions to strike are generally disfavored. However, the allegations themselves do not provide a basis for company-wide discovery; do not support a demand for pattern-and-practice or systemic discrimination discovery; and, indeed, may be construed as a claim relating to the individual's personal experience only.

---

[4] Complaint, Paragraph No. 21, page 6.

[5] Id., Paragraph No. 27, page 7.

[6] This determination is consistent with the conclusions of the Wisconsin court in the related case entitled Lane v. U.S. Bancorp Piper Jaffray, Inc., United States District Court, Eastern District of Wisconsin, Civil Case No. 01-C-0925. Decision and Order Re: Defendant's Motion to Dismiss and Alternative Motion to Strike, filed July 8, 2002, page 13.