**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Kathleen Fisler,

Civil File No. 02-286 JMR/AJB

Plaintiff,

vs.

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

U.S. Bancorp Piper Jaffray, Inc.,

Defendant,

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the motion by defendant U.S. Bancorp Piper Jaffray to either dismiss allegations in the complaint pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted, or to strike specified allegations pursuant to Rule 12(f). [Docket No. 5]. Hearing on the motion was held on November 19, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Kathryn Mrkonich-Wilson, Esq., and Heather C. Sherman, Esq., appeared on behalf of the defendant. Paul W. Mollica, Esq., appeared on behalf of the plaintiff. The matter has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. §636(b)(1). For reasons discussed below the Magistrate Judge **recommends** that defendant's motion to dismiss complaint allegations be granted in part and denied in part. Defendant's alternative motion to strike is a non-dispositive motion and shall be addressed by separate Order of the Magistrate Judge, issued pursuant to Local Rule 72.1(b).



FILED DEC 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## DISCUSSION

**Claims and Procedural Background**

Defendant U.S. Bancorp Piper Jaffray is a securities firm with several offices in midwestern and western states, including California, Wisconsin, and Minnesota. Plaintiff Kathleen Fisler was employed as a broker in defendant's Minneapolis office. The procedural history of this litigation begins with a separate lawsuit[1] commenced in May 2000, against defendant Piper Jaffray in United States District Court for the Northern District of California. The complaint in that action[2] asserted putative class action claims on behalf of female brokers and alleged sexual discrimination at Piper Jaffray in violation of 29 U.S.C. §2000e *et seq*. The California court subsequently denied a motion to amend the complaint[3] to add Ms. Fisler, a Minnesota resident, and another broker, Ms. Kathryn Lane, a Wisconsin resident, as class representatives in the suit, based upon a determination that Fisler and Lane had not yet obtained right to sue notices from the EEOC.[4] Shortly thereafter, those individuals received EEOC right to sue notices and a second motion to amend was filed, again seeking the addition of Fisler and Lane as named parties and further seeking to add a claim for disparate impact discrimination.[5] The Court denied the motion to add class representatives based upon its determination that venue

---

[1] Crawford, Gosho and Lewis v. U.S. Bancorp Piper Jaffray, Inc., United States District Court for the Northern District of California, Civil File No. C-00-1611-PJH.

[2] Defendant's Request for Judicial Notice in Support of its Motion to Dismiss, Exh. No. 1. [Docket No. 10].

[3] Id., Exh. No. 2.

[4] Id., Exh. No. 3.

[5] Id., Exh. No. 4.

in California was not proper with respect to either Fisler or Lane, but leave to amend to allege a disparate impact claim was granted.[6] Thereafter, a motion for class certification was denied by Order dated September 13, 2001.[7] Class certification was denied on the basis of a lack of common issues of law and fact and absence of typicality among the claims of the potential class members. The Court also dismissed the disparate impact claim at that time. Plaintiffs' petition for interlocutory review of the class certification decision[8] was denied without discussion by Order of the United States Court of Appeals for the Ninth Circuit[9] filed November 9, 2001. A renewed motion for class certification to the district court, based upon newly discovery information, was likewise denied by Order dated October 1, 2002. Having been denied permission to participate as named parties in the Northern California case, and also unable to seek relief in that matter as class members, Kathryn Lane filed her own action in United States District Court for the Eastern District of Wisconsin on September 13, 2001, and Kathleen Fisler filed the present action in United States District Court for the District of Minnesota on January 31, 2002. Defendant Piper Jaffray now asks the Court to dismiss allegations in the complaint relating to systemic discrimination against a class of female brokers and to also dismiss a claim of disparate impact discrimination. Plaintiff Fisler opposes the motion to dismiss allegations in all respects asserting that allegations and evidence of a systemic pattern and practice of

---

[6] Defendant's Request for Judicial Notice in Support of its Motion to Dismiss, Exh. No. 5.

[7] Id., Exh. No.10.

[8] Id., Exh. No. 11.

[9] Id., Exh. 12.

discrimination may be pertinent to individual discrimination claims and arguing that the decision of the United States District Court Northern California does not collaterally estop the plaintiff's disparate impact claim in this case.

**Motion to Dismiss**

**Standard of Review.** Federal Rule of Civil Procedure 12(b)(6) provides that a pleader may assert a defense of failure to state a claim upon which relief can be granted by motion. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). The reviewing court must take all well pleaded allegations as true and in the light most favorable to plaintiff. St. Croix Waterway Ass'n. v. Meyer, 178 F.3d 515, 519 (8th Cir. 1999). Further, the court must accord reasonable inferences in favor of the non-moving party. Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley, 78 S.Ct. at 101-02). However, the court is not required to accept the legal conclusions drawn by the pleader from those facts, Thompson v. Olsten Kimberly Qualitycare, Inc., 980 F.Supp. 1035, 1037 (D. Minn. 1997), and a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. National Union Fire Insur. Co., 967

F.Supp. 1148, 1152 (D. Minn. 1997)(citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference. Piper Jaffray, 967 F. Supp at 1152. In addition, materials which are public record may be considered in deciding a motion to dismiss. E.E.O.C. v. American Home Products, Corp., 199 F.R.D. 620 (N.D. Iowa 2001)(citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 948 (8th Cir. 1999).

The defendant in this matter has requested that the Court take judicial notice of numerous documents which have been submitted along with its motion to dismiss,[10] pursuant to

---

[10] Defendant's submissions are: (1) the initial complaint filed in the Northern District of California on May 8, 2000, Crawford, Gosho, and Lewis v. US Bancorp Piper Jaffray, Inc., United States District Court, Northern District of California, Civil Action No. C-00-1611-PJH; (2) motion to amend the complaint filed May 8, 2000; (3) Order denying motion to amend the complaint filed May 8, 2000; (4) second motion to amend the complaint filed May 8, 2000; (5) Order denying second motion to amend the complaint filed May 8, 2000; (6) first amended complaint filed in the Northern District of California on July 22, 2001; (7) motion to certify class and supporting memorandum; (8) defendant's memorandum and declarations in opposition to class certification; (9) plaintiff's reply memorandum and declaration in support of class certification; (10) Order denying motion for class certification; (11) plaintiff's petition to the Ninth Circuit for interlocutory review of class certification decision; (12) Order by the Ninth Circuit denying interlocutory review; (13) plaintiff Kathleen Fisler's complaint in the present action, filed January 31, 2002.

Fed. R. Evidence 201. Plaintiff likewise has attached exhibits to her opposition memorandum.[11] Review of the materials provided by both parties reveals that without exception they are court records or documents which are not subject to dispute with respect to the authenticity of the contents or the purpose for which they are offered and are necessarily embraced by the motion pleadings themselves. In addition, plaintiff asserts no objection to the Court's consideration of the materials for purposes of the Rule 12 motion to dismiss and makes no contention that the motion is ripe for summary judgment review under Rule 56. The respective submissions of the parties in support of dismissal pursuant to Rule 12(b)(6) and in opposition to such dismissal do not compel the Court to address this motion to dismiss under Rule 56. The Court therefore has considered the documents in deciding the motion under Rule 12.

**Disparate Impact**

Defendant insists that plaintiff Fisler is precluded from proceeding on her disparate impact claim as a consequence of the court's decision denying class certification in the prior northern California case. Defendant further contends that the complaint does not effectively state a disparate impact claim. Plaintiff argues that circumstances presently before the Court do not support dismissal on the basis of issue preclusion, primarily because she was not a party in the prior matter, either in fact or through application of a virtual representation theory.

---

[11] Plaintiff's submissions are: (1) transcript of proceedings held July 18, 2001, on plaintiff's second motion to amend complaint filed on May 8, 2000; (2) Order dated October 4, 2001, by magistrate judge in the Northern District of California regarding discovery of Sempler Report; (3) Order dated October 31, 2001, by magistrate judge in the Northern District of California regarding discovery of Sempler Report; (4) Order dated November 26, 2001, by magistrate judge in the Northern District of California regarding discovery of Sempler Report; (5) Order dated January 25, 2002, by magistrate judge in the Northern District of California regarding discovery of Sempler Report; (6) Case Management and Pretrial Order dated October 25, 2001, in Northern District of California matter.

Plaintiff also argues that the complaint sufficiently states and provides notice of a disparate impact claim based upon a challenge to the employer's grant of subjective authority to supervisory employees.

**Issue Preclusion.** The doctrine of issue preclusion bars relitigation of an issue in a second suit by a party to the earlier suit or one in privity with a party to the original suit. Tyus v. Schoemehl, 93 F.3d 449, 453 (8th Cir. 1996). Additional requirements are that the issue to be precluded was the same as in the first action; the issue was actually litigated in the prior suit; the issue was determined by valid and final judgment; and the determination was essential to the original judgment. Id. A party in a subsequent suit who was a nonparty to an initial suit may be found in privity with a party to that prior action if the nonparty's interests were adequately represented by a party to the original suit. Id. at 454 (citing 18 Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction §§ 4451, 4454-57, and 4462 (1981 & Supp. 1990). Privity based upon adequate representation is referred to as "virtual representation" and is justified in equity to the extent that it relies on "the notion that it is fair to deprive a nonparty of his day in court." Id. (citing Gonzales v. Banco Cent. Corp., 27 F.3d 751, 761 (1st Cir. 1994). However, due process will prevent issue preclusion when the relationship between a party and a nonparty becomes too attenuated, id. (citing Southwest Airlines Co. v. Texas Int'l Airlines, 546 F.2d 84, 95 (5th Cir. 1977), and although the Eighth Circuit is inclined to give broader use to virtual representation, the principle will only be applied when a special relationship exists between two parties. Id. at 455.

As previously noted in this discussion, a matter which may accurately be described as a companion case to this suit was filed by Ms. Kathryn Lane in United States

District Court for the Eastern District of Wisconsin. In a decision and order[12] on defendant's motion to dismiss in the Lane case the court addressed the very same virtual representation issue, finding that Ms. Lane was not represented in the California action because the was not allowed to join as either a class representative or as a member of a certified class. Though Ms. Lane was certainly aware of the California litigation, she did not participate as a party and her individual rights and claims were not addressed or protected in any way. Ms. Lane had no control over the course of the California litigation and gave no consent to be bound by that action. Importantly, apart from mere fact of common employment by the defendant, Ms. Lane had no close relationship with the California plaintiffs. With respect to each of these findings, the reasoning applies with equal force to the plaintiff in the present matter, Kathleen Fisler. Ms. Fisler was not permitted to join the California action, her personal claims have never been addressed, and she has not consented to be bound in any respect by that action. Even giving consideration to the asserted wider application of virtual representation in the Eighth Circuit, Ms. Fisler has no close or special relationship whatsoever with the California plaintiffs which would justify a finding of privity. Plaintiff Fisler is not collaterally estopped from alleging claims in this matter as a consequence of decisions rendered in the class certification proceeding in a prior California action.[13]

---

[12] Lane v. U.S. Bancorp Piper Jaffray, Inc., United States District Court, Eastern District of Wisconsin, Civil Case No. 01-C-0925. Decision and Order Re: Defendant's Motion to Dismiss and Alternative Motion to Strike, filed July 8, 2002. [Court Exh. rec'd. at hearing].

[13] In a somewhat related argument the defense contends that plaintiff's allegations should be dismissed as a sanction for forum-shopping. In light of defendant's successful efforts to prevent Kathleen Fisler and Kathryn Lane from participating in the California litigation in any fashion, this forum-shopping argument is rejected.

**Failure to State a Claim.** Defendant Piper Jaffray also seeks dismissal of plaintiff's disparate impact claim pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that the complaint fails to state a claim upon which relief can be granted. More particularly, defendant argues that the claim cannot survive because the complaint fails to identify a facially neutral practice having a disparate impact on female brokers, and because the complaint does not allege intentional discrimination as necessary to maintain a compensation based disparate impact claim.

Whether plaintiff sufficiently alleged a disparate impact claim, as stated in related California and Wisconsin complaints in essentially the same fashion that those claims are now before this Court, is a matter that was directly addressed in both of those other cases. The claim was dismissed in each instance on the grounds here again asserted by the defendant. Although those decisions have no preclusive effect,[14] they do contain persuasive reasoning regarding the identical issue and will be considered here, just as the Wisconsin court explicitly gave consideration to the prior California ruling.[15]

A prima facie case of disparate impact in violation of Title VII consists of (1) an identifiable, facially-neutral personnel policy or practice, (2) a disparate effect on members of a protected class, and (3) a causal connection between the two. Mems v. City of St. Paul, 224 F.3d 735, 740 (8th Cir. 2000). While establishing the prima facie case is typically a summary judgment evidentiary standard rather than a Rule 12(b)(6) pleading requirement, with respect to a

---

[14] The Court has specifically determined that allegations in this case are not precluded by the decision in the California case. The same may be said with regard to the Wisconsin decision.

[15] Lane v. U.S. Bancorp Piper Jaffray, Inc., United States District Court, Eastern District of Wisconsin, Civil Case No. 01-C-0925. Decision and Order Re: Defendant's Motion to Dismiss and Alternative Motion to Strike, filed July 8, 2002, page 20.

disparate impact claim a plaintiff must show, as a threshold matter, that a designated facially neutral employment practice has a disparate impact on a protected group of employees. E.E.O.C. v. McDonnell Douglas Corp., 191 F.3d 948, 950 (8th Cir. 1999)(citing Watson v. Fort Worth Bank and Trust, 487 U.S. 977, 994, 108 S.Ct. 2777 (1988)). The plaintiff is therefore required to isolate and identify specific employment practices that resulted in alleged statistical disparities. Watson v. Fort Worth Bank and Trust, 487 U.S. at 994, 108 S.Ct. at 2789. The mere allegation that defendant's employment practices cause disparate impact on the basis of sex simply does not identify a specific neutral practice or policy and is insufficient to state a Title VII claim. Rodriguez v. Beechmont Bus Service, Inc., 173 F. Supp.2d 139, 148 (S.D.N.Y. 2001)(citing Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2nd Cir. 1998)(dismissing disparate impact claim for failure to adequately allege causal connection between statistics and policy)). Furthermore, while the complaint in this matter does recite some employment statistics relating to the numbers and percentages of men and women in various positions, the pleading does not connect those statistics to a particular management policy. Brown v. Coach Stores, Inc., 163 F.3d at 712. Rather, the complaint merely alleges that a policy of conferring discretionary, subjective authority on branch managers has led "to the same effects as a system pervaded by impermissible intentional discrimination."[16] This allegation neither identifies a specific facially neutral employment policy of the defendant[17] nor provides the necessary causal connection between

---

[16] Complaint, page 7, para. 27. [Docket No. 1].

[17] The Wisconsin Court in the Lane matter accurately observed that the complaint does not allege that the identified policy of delegating authority to individual managers in itself led to a disparate impact on women but rather that the individual managers make decisions which have a discriminatory impact on women.

statistics and disparate impact. In essence, as observed by both courts which have previously examined this precise claim,[18] plaintiff is alleging intentional discrimination by individual managers under the guise of a hollow and unsupported disparate impact claim. Plaintiff's complaint in this matter fails to adequately allege a cause of action based upon disparate impact and the claim should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**Motion to Dismiss Pattern and Practice Allegations**

Defendant moved to dismiss a portion of the complaint which alleges "Systemic Discrimination Against the Class of Female Brokers,"[19] arguing that the pleading inadequately states any basis or claim for class relief. Plaintiff, on the other hand, explicitly states that she is not bringing a class action, but asserts that the pattern and practice allegations at issue are nonetheless pertinent to her individual action.[20] Defendant thereafter recognized that plaintiff was not filing a class action complaint, but insists that the allegations are class-based and should be stricken from the pleading on grounds that they are immaterial and/or false.[21] Since there is essentially no dispute as to whether the complaint states a cause of action for class relief, the

---

[18] Lane v. U.S. Bancorp Piper Jaffray, Inc., United States District Court, Eastern District of Wisconsin, Civil Case No. 01-C-0925. Decision and Order Re: Defendant's Motion to Dismiss and Alternative Motion to Strike, filed July 8, 2002, page 21 (citing Order Denying Motion for Class Certification, pp.12-13, in Crawford, Gosho, and Lewis v. US Bancorp Piper Jaffray, Inc., United States District Court, Northern District of California, Civil Action No. C-00-1611-PJH.

[19] Complaint, Section A., paragraphs 8 through 27.

[20] Plaintiff's Brief in Response to Defendant's Motion to Dismiss, page 10 [Docket No. 7].

[21] Defendant's Reply Memorandum in Support of its Motion to Dismiss, page 6 [Docket No. 9].

motion to dismiss allegations of systemic discrimination against a class of female brokers is moot. As noted previously, the non-dispositive motion to strike these allegations will be addressed by separate ruling of the Magistrate Judge.

**RECOMMENDATION**

For the reasons stated above, it is hereby **recommended** that defendant's motion to dismiss allegations in the complaint be **granted in part and denied as moot in part**. [Docket No. 5]. It is recommended that defendant's motion to dismiss plaintiff's disparate impact claim pursuant to Fed. R. Civ. P. 12(b)(6) be **granted** and that defendant's motion to dismiss class action allegations be **denied as moot**.

Dated: 12/13/02

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 23, 2002.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.