**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

KATHLEEN FISLER,

Plaintiff,

v.

U.S. BANCORP PIPER JAFFRAY, INC.,

Defendant.

Civil No. 02-286 JMR/AJB

**ORDER ON MOTIONS**

---

The above matter came before the Court on Plaintiff's Motion to Amend the Complaint and Defendant's Motion to Strike Plaintiff's reply brief. A hearing was held on March 4, 2003, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Paul W. Mollica, Esq., appeared on behalf of Plaintiff Kathleen Fisler, and George R. Wood, Esq., appeared on behalf of Defendant U.S. Bancorp Piper Jaffray, Inc. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Amend the Complaint is **denied**. [Docket No. 32].

2. Defendant's Motion to Strike Plaintiff's reply brief is **granted**. [Docket No. __].

   Local Rule 7.1(a) does not provide for a reply brief on a nondispositive motion.

Dated: 3/5/03

Arthur J. Boylan
United States Magistrate Judge

FILED MAR 0 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

# MEMORANDUM

Plaintiff filed a Motion to Amend the Complaint to allege a claim of retaliation because she claims that Defendant's filing of a counterclaim against her to collect a balance due on a promissory note was in bad faith and retaliatory. [Docket No. 32]. Fisler wishes to allege in an amended complaint that "the motivating factor for defendant's filing was the pendency of the present litigation, in violation of Title VII and MHRA."

Defendant argues that Plaintiff should not be allowed to amend her complaint because its filing of the counterclaim was not an adverse employment action, but rather an action to prosecute its rights under the promissory note. Defendant also argues that its counterclaim is immune from a retaliation claim under the *Noerr-Pennington* doctrine. Finally, Defendant asserts that Plaintiff has not exhausted her administrative remedies.

Under Fed. R. Civ. P. 15(a), governing amendment of pleadings, "leave shall be freely given when justice so requires." However, this Court concludes that Defendant's counterclaim does not constitute an "adverse employment action," and therefore Fisler cannot assert a retaliation claim under Title VII and the Minnesota Human Rights Act. As part of a prima facie case of retaliation, a plaintiff must establish that the defendant took an adverse employment action against her. *Calder v. TCI Cablevision of Missouri, Inc.*, 298 F.3d 723, 731 (8th Cir. 2002). An adverse employment action occurs when an employee suffers some personal loss or harm with respect to a term, condition, or privilege of employment. *Hoffman v. Rubin*, 193 F.3d 959, 964 (8th Cir. 1999). Here, U.S. Bancorp Piper Jaffray filed a counterclaim against Fisler for payment on a promissory note. That did not constitute an adverse employment action. Rather, Defendant was asserting its rights under a contract, the promissory note, with Fisler.

Further, Defendant is immune from a retaliation claim under the *Noerr-Pennington* doctrine. The First Amendment Right to Petition "generally immunizes the act of filing a lawsuit from ... liability under the *Noerr-Pennington* doctrine." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1080 n. 4 (8th Cir. 1999). The doctrine "bar[s] claims against litigants 'for injuries allegedly caused by activities and participation in the public processes ....'" *Associated Contract Loggers, Inc. v. United States Forest Service*, 84 F.Supp. 1029, 1035 (D.Minn.2000). Here, U.S. Bancorp Piper Jaffray exercised its rights under the promissory note when it filed the counterclaim against Fisler. That filing was a protected action, and thus Fisler cannot maintain a retaliation claim based on the filing of the counterclaim.

AJB