**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

KATHLEEN FISLER,

Plaintiff,

vs.

U.S. BANCORP PIPER JAFFRAY INC.,

Defendant.

Civil Action No. 02-CV-286 JMR/AJB

**STIPULATION AND PROTECTIVE ORDER**

---

The parties to this Stipulation and Protective Order ("Stipulation") request that the Court approve and enter this Stipulation as an Order of the Court pursuant to Fed R. Civ. P. 26(c).

This Stipulation is occasioned by the desire of the parties to permit discovery in the case to proceed unimpeded to the fullest extent, consistent with the Federal Rules of Civil Procedure, while avoiding unnecessary disputes over the confidential nature of Documents provided in response to discovery requests. To achieve that goal, the Stipulation permits a party to designate Documents as "CONFIDENTIAL." By permitting the opposing party to designate Documents as "CONFIDENTIAL," no party hereto intends to admit, stipulate or waive arguments as to the true confidential nature of any Documents so designated. The parties fully reserve their right to contest the "CONFIDENTIAL" designation of any Documents at a later date and to ask the Court to permit such Documents to be made public. The Stipulation shall be deemed effective and binding until further action by the Court to adopt, reject or modify its terms.

1. Definitions.

a. "Counsel of Record" shall include any partner or shareholder or employee or associate of Littler Mendelson; Meites, Mulder, Burger & Mollica or Siegel, Brill, Greupner, Duffy & Foster who is working on this matter.

MAY 08 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. "Expert Witness" for a party is any person with whom counsel for that party may deem it necessary to consult concerning technical, financial and/or other aspects of this case for the preparation or trial thereof.

c. "Litigation" shall mean *Fisler v. U.S. Bancorp Piper Jaffray*, Civil Action No. 02-CV-286 JMR/AJB, as captioned above.

2. General Rule. Any party may designate as "CONFIDENTIAL" information reasonably deemed as entitled to protection under Rule 26(c) or other applicable law, including: (a) any document ("Documents") containing personnel, investigative and disciplinary files of non-party individuals; salary and benefit data of non-party individuals; medical records; tax returns and personal financial data of non-party individuals; (b) any information gathered or created in relation to or during Piper Jaffray's High Quality Work Environment initiative; (c) any information or Documents constituting or containing sensitive financial, trade secret, or proprietary business-related information about Piper Jaffray that could or would harm Piper Jaffray's competitive business advantage; or (d) portions of deposition transcripts disclosing or discussing information contained in the Documents designated as "CONFIDENTIAL." Documents shall be designated by placing the word "CONFIDENTIAL" clearly on each page. Portions of deposition transcripts may be designated by counsel for any party and placed under seal on the record at the time of the deposition, in accordance with Local Rule 26.4(a)(2).

3. "Confidential" Documents For Use In The Litigation Only. Any Documents produced in this case designated as "CONFIDENTIAL," including any copies, excerpts, synopses, summaries or digests thereof, may be used only for purposes of the Litigation, in accordance with the terms of this Stipulation.

4. No Concession Or Waiver Regarding Discoverability Or Relevance. By allowing "CONFIDENTIAL" Documents to be used in the Litigation, no party hereto intends to admit, stipulate or waive arguments as to the relevance of any Documents in any particular action, and no party hereto intends to admit, stipulate or waive arguments as to whether any such Documents would have been within the proper scope of discovery in any particular action. The parties enter into this Stipulation for the sole purpose of facilitating discovery in the Litigation.

5. Disclosure of "CONFIDENTIAL" Documents. "CONFIDENTIAL" Documents shall only be used for purposes of this Litigation and may disclosed only to:

a. Counsel of Record;

b. the person(s) or entity(ies) who are parties to the Litigation (which, as applied to "CONFIDENTIAL" Documents produced by Plaintiff to Defendant, shall mean any employee, officer, or director of Defendant who is assisting Defendant's Counsel of Record in the defense of the Litigation);

c. an Expert Witness who has signed an agreement to be bound by the term of this Stipulation as entered by the Court;

d. a witness in this action, provided that the information is reasonably relevant to their likely testimony and provided that such witness signs an acknowledgment of and complies with the Protective Order;

e. the recipient is a court reporter or videographer undertaking his/her duties in a deposition relating to this matter; or

f. Any judge or other personnel of the Court before which this matter is pending (including any appeal) who have reason to be in possession of "CONFIDENTIAL" Documents in order to perform the duties of the Court.

Nothing herein shall prevent a person, who had prior knowledge of information contained in "CONFIDENTIAL" Documents from an independent and lawful source from disclosing such information. Nothing herein shall limit the ability of a party to use its own "CONFIDENTIAL" Documents in any fashion that party deems appropriate.

6. Upon Termination Of The Action. Upon termination of this action by agreement of the parties or by passage of time beyond the last day for final appeal, a party may request in writing the return of that party's "CONFIDENTIAL" Documents. Notwithstanding this paragraph, counsel may for professional purposes retain copies of transcripts, court filings, correspondence and other attorney work product that incorporate "CONFIDENTIAL" Documents. If the parties stipulate, the "CONFIDENTIAL" Documents may be destroyed by an appropriate method of destruction to be agreed to by the parties.

7. Modifications Hereto. The parties may, from time to time and without the need for approval by the Court, agree to additional terms under which "CONFIDENTIAL" Documents may be disclosed to others not specified in this Stipulation and shall promptly reduce any such agreements to writing or on the record.

8. Inadvertent Disclosure Or Failure To Designate. A party who inadvertently fails to designate Documents as "CONFIDENTIAL" does not thereby waive the right to do so thereafter but the recipient of the Documents so inadvertently unmarked shall not suffer sanction for disclosure of the Documents prior to the date on which it receives action notice of the confidential nature of the Documents. The parties agree to cooperate to minimize the publication of any inadvertently disclosed Documents. All copies of the inadvertently disclosed Documents shall be retrieved by Counsel of Record from any person who would not have been allowed access to it if it had been properly designated.

9. Use Of Confidential Documents. Nothing in this Order shall prohibit the use of or reference to any "CONFIDENTIAL" Documents in open Court, at trial or in any deposition; *provided, however,* that the party using or planning to use such Documents shall take whatever steps are necessary to eliminate or minimize the risk of disclosure. Such steps shall include: (1) filing under seal any document that contains a copy, reproduction or reference to any "CONFIDENTIAL" Documents, including without limitation any transcripts of depositions, exhibits, affidavits, memoranda, briefs, written discovery, or other documents filed with the Court or the Clerk of the Court in sealed envelope(s) marked: "Contains CONFIDENTIAL material under protective order. Not to be opened nor are its contents to be displayed, revealed or made public, except by order of the Court;" (2) before using or referring to any "CONFIDENTIAL" Documents in open court, bringing to the attention of the Court and the producing party its intention to disclose "CONFIDENTIAL" Documents in open court; and (3) before using or referring to any "CONFIDENTIAL" Documents during a deposition, showing the Order to a deponent, asking a deponent to sign a statement that he has read the Order, understands it, understands that he is bound by the Order and submits to the jurisdiction of this Court for enforcement of the Order. Nothing herein shall limit or affect the ability of a party to use Documents it has designated "CONFIDENTIAL" in any way it deems appropriate.

10. Maintaining Confidentiality. Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any "CONFIDENTIAL" Documents shall relieve such person from the obligation of maintaining at all times the confidentiality of such Documents.

11. Disputes Regarding "CONFIDENTIAL" Designations. Any party may move for a ruling that particular Documents or category of Documents designated as "CONFIDENTIAL"

are not entitled to such status and protection. The party who made the designation shall bear the burden of showing good cause that the designation was warranted. Such a motion may be filed only after a moving party serves a written request for modification (by facsimile or personal service) upon the party who designated the Documents "CONFIDENTIAL."

**STIPULATED AND AGREED TO:**

DATED: May 6, 2003.

By: ______________________
One of the Attorneys for U.S. Bancorp Piper Jaffray Inc.

Kathryn Mrkonich-Wilson (#283605)
George R. Wood (#166017)
**LITTLER MENDELSON, PC**
Suite 3110
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: 612.630.1000

Nancy E Pritikin (Pro Hac Vice)
**LITTLER MENDELSON, PC**
650 California St – 20th Fl
San Francisco, CA 94108-2693
Telephone: (415) 677-3141

May 6, 2003.

By: ______________________
One of the Attorneys for Plaintiff

Paul W. Mollica, Esq. (Pro Hac Vice)
**MEITES, MULDER, BURGER & MOLLICA**
208 South LaSalle Street, Suite 1410
Chicago, Illinois 60604
Telephone: (312) 263-0272

Wood R. Foster, Jr.
**SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER**
100 Washington Street South
1300 Washington Square
Minneapolis, Minnesota 55401
Telephone: (612) 339-7131

**PURSUANT TO THE STIPULATION OF THE PARTIES:**

**IT IS SO ORDERED.**

Dated this 8th day of May, 2003.

BY THE COURT:

Arthur J. Boylan

THE HONORABLE ARTHUR J. BOYLAN
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

***FISLER v. U.S. BANCORP PIPER JAFFRAY INC.,***

Civil Action No. 02-C-286 (JMR/AJB)

1. My name is ______________________________. I live at ______________________________________________.

2. I am aware that a Protective Order has been entered in the above-captioned action and I have received a copy of this Protective Order.

3. I promise that any Documents, information, materials or testimony, which are protected under the Protective Order entered in this case and designated as "CONFIDENTIAL" will be used by me only in connection with the above-captioned matter.

4. I promise that I will not disclose or discuss such protected material with any person other than those individuals permitted by the Protective Order to review such material.

5. I understand that any use of such "CONFIDENTIAL" Documents, information, material, or testimony obtained by me (or any portions or summaries thereof) in any manner contrary to the provisions of the Order may subject me to a sanction from this Court for violating the Order.

I declare under penalty of perjury under the laws of the State of Minnesota that the foregoing is true and correct and that this declaration was executed on _______, 200___, at ______________________.

______________________________

MINNEAPOLIS:40658.1 021035.3005
05/6/03 12:00 PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.